■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MAUCERI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered July 27, 1984, convicting him of manslaughter in the second degree, operating a motor vehicle while under the influence of alcohol as a felony, and driving with a revoked license, after a nonjury trial, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing, of that branch of the defendant's presentence motion which was to set aside the verdict based on newly discovered evidence.

Judgment affirmed.

"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). The

evidence adduced at the trial in this case shows that the defendant was, in fact, the driver of the Cadillac involved in an accident in which one person was killed and three people were injured, and satisfies the *Contes* test.

The defendant was properly tried for manslaughter in the second degree under Penal Law § 125.15. The defendant contends that instead he should have been tried under the vehicular manslaughter statute, Penal Law § 125.12, which became effective after the date of the incident, but prior to his trial. Assuming, arguendo, that both statutes were applicable in this case, there is no legislative mandate directing the People to try all cases involving deaths resulting from drunk driving solely under Penal Law § 125.12 *(see,* L 1983, ch 298). Therefore, the choice of statute under which to proceed rests within the discretion of the prosecutor *(see, People v Valenza,* 60 NY2d 363, 371; *People v Eboli,* 34 NY2d 281, 287).

The defendant protests the trial court's denial of that branch of his presentence motion pursuant to CPL article 330 which was to set aside the verdict on the basis of newly discovered evidence. The trial court held a hearing on the motion at which testimony was taken. The court found that although the evidence proffered by the defendant was new evidence discovered since the trial that could not have been presented by him at the trial even with due diligence, the evidence was not of such a character as to create a probability that if it had been received at the trial, the verdict would have been more favorable to the defendant *(see,* CPL 330.30 [3]). The trial court's denial of the defendant's motion to set aside the verdict, in light of the fact that neither of his prospective witnesses saw who drove the Cadillac, and in light of the court's finding that these witnesses were insufficiently credible, was not an abuse of discretion *(see, People v Slaughter,* 37 NY2d 596, 600-601; *People v Hazelton,* 58 AD2d 945).

The defendant also contends that his sentence is harsh and excessive. The Trial Judge should impose a sentence consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant *(see, People v Suitte,* 90 AD2d 80; *People v Notey,* 72 AD2d 279, 282-283). The sentencing Judge, in reviewing the scourge of drunk driving, the cavalier attitude of the defendant toward the law, and his lack of remorse for his crime, correctly sentenced the defendant in accordance with the *Suitte* and *Notey* standards.

The defendant's other allegations of error were unpreserved for appellate review. In any event, we find them devoid of

merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.