■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD C. MAHY, Appellant. [761 NYS2d 122] —Rose, J. Appeal from judgment of the County Court of Broome County (Smith, J.), rendered March 26, 2001, convicting defendant upon his plea of guilty of the crimes of vehicular assault in the first degree, assault in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree, operating a motor vehicle while under the influence of alcohol (two counts) and leaving the scene of an accident without reporting.

As the result of a motor vehicle accident which caused serious physical injury, defendant was indicted on six counts including vehicular assault in the first degree (*see* Penal Law § 120.04) and assault in the second degree (*see* Penal Law § 120.05). The People proposed a sentence of one year of incarceration on a plea of guilty of vehicular assault in the first degree in exchange for dismissal of the balance of the indictment. When County Court indicated a willingness to sentence defendant to a maximum of six months of incarcera-

tion followed by five years of probation, defendant pleaded guilty to the entire indictment to avoid negotiating with the People. Defendant then sought to obtain the benefit of the bargain that the People had offered by moving for dismissal of all counts except the one charging vehicular assault in the first degree. County Court denied the motion, and subsequently sentenced defendant as promised.

On his appeal, defendant initially contends that his conviction of assault in the second degree (*see* Penal Law § 120.05) should be reversed and the charge dismissed because he also pleaded guilty to vehicular assault in the first degree (*see* Penal Law § 120.04), a more specific statute that he argues should be deemed the exclusive means of punishing his conduct. We disagree. In the absence of a legislative mandate directing the People to try such cases solely under Penal Law § 120.04, "the choice of statute under which to proceed rests within the discretion of the prosecutor" (*People v Mauceri*, 118 AD2d 735, 736 [1986], *lv denied* 67 NY2d 1054 [1986]; *see People v Duffy*, 79 NY2d 611, 614 [1992]; *People v Valenza*, 60 NY2d 363, 371 [1983]; *People v Eboli*, 34 NY2d 281, 287 [1974]).

Nor can we agree that defendant's equal protection rights were violated by County Court's denial of his motion to dismiss the inclusory concurrent counts. While it is true that defendants who plead guilty are effectively treated differently than those who are convicted after trial when a guilty verdict of "the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40 [3] [b]), there is a rational basis to support this statutory distinction (*see People v Whidden*, 51 NY2d 457, 460 [1980], *appeal dismissed* 454 US 803 [1981]). The Court of Appeals has held that the inapplicability of CPL 300.40 (3) (b) to convictions upon guilty pleas "prevents a defendant, having voluntarily pleaded guilty, from avoiding all criminal sanction by obtaining on appeal a reversal of his conviction on a single count of the indictment" (*People v Walton*, 41 NY2d 880, 881 [1977]).

Finally, defendant had no right to plead guilty except to the entire indictment (*see People v Miller*, 126 AD2d 868, 869 [1987], *lv denied* 69 NY2d 884 [1987]), he voluntarily exercised that right and, in exchange, he received a more favorable sentence from County Court than the prosecution was offering in a proposed plea agreement. Thus, his claim of a deprivation of due process is also unpersuasive.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.