■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS E. HOOD, Appellant. [790 NYS2d 757]—

Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 12, 2003, convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act.

Defendant, a level III sex offender, was charged with failing to register as a sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). He pleaded guilty as charged, waived his right to appeal, and was sentenced in accordance with a negotiated plea agreement to 1¹/₂ to 4¹/₂ years in prison. He now appeals, contending that SORA is unconstitutional.

We affirm. Defendant's assertion that SORA violates his right to substantive due process by failing to include a "no risk" category that exempts purportedly nondangerous offenders from having to register is unavailing. SORA requires defendant to register based upon his conviction of an enumerated sex offense, not because of his level of dangerousness (*see* Correction Law § 168-f [1]). Inasmuch as defendant, who stands convicted of multiple sex crimes, is required to register under SORA regardless of his particular risk level, we discern no constitutional error (*cf. Connecticut Dept. of Pub. Safety v Doe*, 538 US 1 [2003]).

We are similarly unpersuaded by defendant's contention that SORA denies him equal protection under the law. Although SORA treats sex offenders differently than other criminals by requiring them to register, there is a rational basis to support this distinction. The Legislature enacted SORA upon finding that sex offenders in particular pose a danger of recidivism and that a registration requirement would provide law enforcement officers with information critical to preventing repeat offenses (*see* L 1995, ch 192, § 1; *People v Wroten*, 286 AD2d 189, 196-197 [2001], *lv denied* 97 NY2d 610 [2002]). Despite defendant's contention that the recidivism rate among sex offenders is not higher than the rate for other criminal defendants, we will not dispute the Legislature's wisdom in concluding to the contrary (*see Hotel Dorset Co. v Trust for Cultural Resources of City of*

*N.Y.*, 46 NY2d 358, 370 [1978]; *De Veau v Braisted*, 5 NY2d 236, 241-242 [1959]). As SORA's registration requirement is rationally related to the legitimate government purpose of protecting the public, we reject defendant's equal protection challenge (*see People v Whidden*, 51 NY2d 457, 460 [1980], *appeal dismissed* 454 US 803 [1981]; *People v Mahy*, 305 AD2d 856, 857 [2003], *lv denied* 100 NY2d 622 [2003]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.