John DOE, representing all persons subject to Pa Megan's Law II; also Joseph Gensemer, Melvin Schwartz, Darren Taylor, on behalf of themselves and all similarly situated PA inmates and those released subject to Megan's Law provisions, Petitioners

v.

Jeffrey B. MILLER, Commissioner Pennsylvania State Police, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 2005.

Decided Oct. 27, 2005.

312

Melvin Schwartz, petitioner, pro se.

Michael L. Harvey, Sr. Deputy Attorney General and Susan J. Forney, Chief Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

■ Before this Court in our original jurisdiction is the preliminary objection in the nature of a demurrer filed by the Pennsylvania Attorney General, representing Jeffery B. Miller, Commissioner of the Pennsylvania State Police (Commissioner)[1] to the "Civil Class Action"[2] filed by Joseph Gensemer, Melvin Schwartz, and Darren Taylor (collectively, Named Petitioners), without counsel and on behalf of themselves, all similarly situated Pennsylvania inmates, and those released who are subject to the provisions of what is commonly referred to as "Megan's Law II" (Law).[3] Concluding the *pro se* class action fails to state a claim for which relief may be granted, we sustain Commissioner's preliminary objection and dismiss Petitioners' action.

---

**1.** The Commissioner of the Pennsylvania State Police is the proper defendant in this action as he is charged with the administration of the registration and notification requirements of the Megan's Law II. 42 Pa.C.S. §§ 9795.1, 9795.2.

**2.** We treat the "Civil Class Action" as a petition for review filed in our original jurisdiction.

**3.** 42 Pa.C.S. §§ 9791–9799.7.

Each Named Petitioner currently resides at the State Correctional Institution located in Waymart, Pennsylvania. Upon release from incarceration, each will be subject to the provisions of the Law as convicted sexual offenders. Among other things, the Law requires a convicted sexual offender to: (i) register his current address or intended residence with the state police; (ii) inform the state police within 10 days of any change of residence; and, (iii) register within 10 days with a new law enforcement agency after establishing residency in another state. 42 Pa.C.S. § 9795.2(a).

Named Petitioners allege the Law is based on conclusions drawn from flawed premises, and, therefore, violates the Due Process clause of the 14th Amendment of the United States Constitution,[4] and Article I, Section 26,[5] and Article IX, Section 1,[6] of the Pennsylvania Constitution. In this regard, they offer the following three arguments:[7]

[The Law] falls short of the declared goal of protecting the safety and general welfare of the public. Although society has been placated and made to feel more comfortable, it is not safer. [The Law] is illogical and inherently discriminatory, and cannot withstand constitutional scrutiny.

Provisions of the [Law] fail the test for equal protection under the law, in that the Legislature had manipulated and distorted it's (sic) declared basis for classification of sexual offenders, defying reason and common sense.

Arbitrary and capricious standards were applied in order to unfairly and unjustly create a disfavored class of sexual offenders, whereas authoritative recidivism studies belie the government's arguments.

Petition for Review at 6. Named Petitioners further aver, "the government has a responsibility to avoid misinforming society, and is not empowered to enact statutes or laws which are inherently arbitrary, discriminatory and unreasonable, in violation of the constitution, no matter how noble the cause." *Id.* Named Petitioners request that this Court: (1) declare the Law unconstitutional and suspend the registration and notification requirements affecting all persons similarly situated; (2) abide by the Equal Protection Clause of the 14th Amendment of the United States Constitution and parallel section of the Pennsylvania Constitution by including all offenders under the Law as required in felony classification standards; and (3) declare the Law null and void.

4. The 14th Amendment of the United States Constitution provides, in relevant part, "[n]o state shall make ... any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

5. Article I, Section 26 of the Pennsylvania Constitution provides, in pertinent part, "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

6. Article IX, Section 1 of the Pennsylvania Constitution provides, in relevant part, "[t]he General Assembly shall provide by general law for local government within the Commonwealth. Such general law shall be uniform as to all classes of local government regarding procedural matters."

7. Petitioners' petition for review is the form of a brief rather than a typical complaint. As such, we treat the three specific arguments presented in their petition for review as three separate counts for which they seek relief.

Commissioner filed preliminary objections in the form of a demurrer asserting Petitioners failed to state a cause of action for which relief can be granted. Specifically, Commissioner argues, as the Law involves neither fundamental rights nor proceeds on suspect lines, it is accorded a strong presumption of validity and will be upheld so long as there is some plausible reason for the legislative action. Commissioner contends he is entitled to judgment as a matter of law because the Law is rationally related to the Legislature's stated objective of protecting society and the general welfare of the public.

■ Initially, we note, when ruling on preliminary objections, we must accept as true all well-pled material allegations in the petition for review, as well as all inferences reasonably deduced from those allegations. *Wagaman v. Attorney Gen. of the Commonwealth*, 872 A.2d 244 (Pa. Cmwlth.2005). The Court, however, is not required to accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* To sustain preliminary objections, it must appear with certainty the law will not permit recovery, and any doubts should be resolved by a refusal to sustain them. *Id.*

## DUE PROCESS

■ Substantive due process is the esoteric concept interwoven within the judicial framework to guarantee fundamental fairness and substantial justice, and its precepts protect fundamental liberty interests against infringement by government. *Khan v. State Bd. of Auctioneer Exam'rs*, 577 Pa. 166, 842 A.2d 936 (2004) (citation omitted). Substantive due process protections afforded under the Pennsylvania Constitution and the United States Constitution are analyzed the same and are thus coextensive. *Griffin v. Southeastern Pennsylvania Transp. Authority*, 757 A.2d 448 (Pa.Cmwlth.2000), *appeal denied*, 565 Pa. 678, 775 A.2d 810 (2001).

■ Preliminarily, for substantive due process rights to attach there must first be the deprivation of a property right or other interest that is constitutionally protected. *Khan.* Named Petitioners, however, do not specify which property right or other protected interest is deprived by the Act. Rather, they challenge the wisdom of enactment. Therefore, they fail to aver the prerequisite for substantive due process review.[8]

■ The decision whether a statute is wise or whether it is the best means to achieve the desired result is better left to the legislature, and not the courts. *Id.* The General Assembly is presumed to have investigated this question, and ascertained what is best for the general public. *Id.* Because this prohibited inquiry is precisely what Named Petitioners seek, they fail to state a claim.

Finally, we note that analysis of a substantive due process claim is the same analysis as performed under an equal protection claim. *Griffin.* For all the additional reasons discussed hereafter, the substantive due process challenges by Named Petitioners fail.

## EQUAL PROTECTION

With regard to the equal protection claim[9] raised by Named Petitioners, we

8. In response to arguments addressing specified protected interests, the Superior Court recently held that Megan's Law II does not violate substantive due process protections. *Com. v. Howe*, 842 A.2d 436 (Pa.Super.2004).

9. "The equal protection provisions of the Pennsylvania Constitution are analyzed under

must determine the level of constitutional scrutiny that governs our analysis. In *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995), our Supreme Court set forth an extensive analysis regarding the concept of equal protection, its applicability, and the level of scrutiny required when examining a particular legislative enactment. The Court stated:

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. In other words, a classification must rest upon some ground of difference which justifies the classification and have a fair and substantial relationship to the object of the legislation. Judicial review must determine whether any classification is founded on a real and genuine distinction rather than an artificial one. A classification, though discriminatory, is not arbitrary or in violation of the equal protection clause if any state of facts reasonably can be conceived to sustain that classification. In undertaking its analysis, the reviewing court is free to hypothesize reasons the legislature might have had for the classification. If the court determines that the classifications are genuine, it cannot declare the classification void even if it might question the soundness or wisdom of the distinction.
>
> We are also mindful of the different types of classifications and the standards according to which they are weighed ... [t]he types of classifications are: (1) classifications which implicate a "suspect" class or a fundamental right; (2) classifications implicating an "important" though not fundamental right or a "sensitive" classification; and (3) classifications which involve none of these. Should the statutory classification in question fall into the first category, the statute is strictly construed in light of a "compelling" governmental purpose; if the classification falls into the second category, a heightened standard of scrutiny is applied to an "important" governmental purpose; and if the statutory scheme falls into the third category, the statute is upheld if there is any rational basis for the classification.

*Curtis*, 666 A.2d at 267–8 (footnote and internal citations omitted).

 As a general matter, economic and social legislation, including legislation creating different categories among criminal offenders, receives rational basis review; however, legislation based on suspect classifications, such as race, national origin, or alienage, as well as classifications that affect fundamental rights are examined under strict scrutiny. *United States v. Williams*, 124 F.3d 411 (3d. Cir. 1997). For equal protection purposes,

the same standards used by the United States Supreme Court when reviewing equal protections claims under the Fourteenth Amendment to the United States Constitution."

*Love v. Borough of Stroudsburg*, 528 Pa. 320, 328, 597 A.2d 1137, 1139 (1991). As such, a separate discussion under each constitution is unnecessary.

"fundamental rights" include such constitutional rights as the right to interstate travel, *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), the right to vote, *Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), rights guaranteed by the First Amendment, *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968), and the right to procreate, *Skinner v. Oklahoma*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942).

■ On its face, the classification created by the Law, convicted sexual offenders as a category of felons, is not based on a suspect class. Nor does the classification affect any fundamental rights. Significantly, Named Petitioners do not specify a fundamental right or suspect class targeted by the Law's classifications. As such, we examine the Law under the rational basis test. *See Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)(applying rational basis test to classifications based on nature of offense committed).

In applying the rational basis standard, we undertake a two-step analysis. *Commonwealth v. Albert*, 563 Pa. 133, 758 A.2d 1149 (2000). First, a court must determine whether the challenged statute seeks to promote any legitimate state interest or public value. *Id.* If so, a court must next determine whether the classification adopted in the legislation is reasonably related to accomplishing that articulated state interest or interests. *Id.* If any state of facts can be envisioned to sustain the classification, equal protection is satisfied. *Curtis.* Moreover, courts are free to hypothesize reasons why the legislature created the particular classification at issue and if some reason for it exists, it cannot be struck down, even if the soundness or wisdom in creating the distinction is questioned. *Id.*

■ Here, both prongs of the rational basis test are satisfied. First, the Law seeks to promote the legitimate state interest of public safety and welfare. 42 Pa.C.S. § 9791(a).[10]

■ Second, the classification of convicted sexual offender is reasonably related to enhancing public safety and welfare. We hypothesize that the Law identifies a class deserving of attention because of the character of the predicate offenses, the difficulties in rehabilitating offenders, and the consequent concern for reoffense. Information on class members is gathered in order to protect against future offenses and to facilitate future investigations, thereby enhancing public safety and welfare. This conclusion is consistent with the result reached by other courts addressing the issue. *See Artway v. Attorney Gen. of the State of New Jersey*, 81 F.3d 1235 (3d. Cir.1996) (New Jersey's Megan's Law, requiring registration of "repetitive and compulsive" sexual offenders, is rationally related to the state's legitimate interest in protecting vulnerable individuals from sexual offenders). *See also People v. Jones*, 101 Cal.App.4th 220, 124 Cal.Rptr.2d 10 (2002) (California regis-

---

**10.** 42 Pa.C.S. § 9791, entitled "Legislative findings and declaration of policy," provides in pertinent part:

 (a) **Legislative findings.** It is hereby determined and declared as a matter of legislative finding:

 (1) If the public is provided adequate notice and information about sexually violent predators and certain other offenders, the community can develop constructive plans to prepare themselves and their children for the offender's release. This allows communities to meet with law enforcement to prepare and obtain information about the rights and responsibilities of the community and to provide education and counseling to their children.

tration statute had legitimate purpose of assuring that persons convicted of enumerated crimes be available for police surveillance, because legislature considered them likely to reoffend); *Helman v. State,* 784 A.2d 1058 (Del.2001) (automatic offense-based assignment of sex offenders to risk assessment tiers, pursuant to Delaware sex offender registration and notification statutes, was rationally related to legitimate government interest in protecting public from danger and propensity for recidivism of convicted sex offenders); *State v. Druktenis,* 135 N.M. 223, 86 P.3d 1050 (Ct.App.2004) (notification provision of New Mexico's Sex Offender Registration and Notification Act was rationally related to state's legitimate interest in protecting public from sex offenders); *People v. Hood,* 16 A.D.3d 778, 790 N.Y.S.2d 757 (2005) (registration requirement of New York's Sexual Offender Registration Act was rationally related to legitimate governmental interest of protecting the public); *State v. Dobies,* 147 Ohio App.3d 568, 771 N.E.2d 867 (2001) (Ohio statute imposing registration and community notification requirements with respect to sex offenders adjudicated to be sexual predators does not equal protection as the statute is rationally related to legitimate state interest in assuring public protection from sex offenses); *In re M.A.H.,* 20 S.W.3d 860 (Tex. Ct.App.2000) (requiring juvenile and adult sex offenders, alike, to register as sex offenders pursuant to Texas' Sex Offender Registration Program did not violate equal protection, as notification provisions were reasonably related to enhancing public awareness that sex offender might be living in community, so that appropriate precautions might be taken).

Based on the foregoing, and given the strong presumption of constitutionality, we conclude Petitioners fail to set forth a claim upon which relief may be granted. Accordingly, the Commissioner's prelimi-

nary objection in the nature of a demurrer is sustained, and Named Petitioners' petition for review is dismissed.

### ORDER

AND NOW, this 27th day of October, 2005, Jeffery B. Miller's preliminary objection in the nature of a demurrer, is **SUS-TAINED,** and the petition for review is **DISMISSED** with prejudice.