# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Alan Padgett, : 
               Petitioner : 
: 
           v. : No. 412 M.D. 2017
: Submitted: June 15, 2018
Frank Noonan, : 
               Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: July 30, 2018**

Before us in our original jurisdiction are Lynn Alan Padgett's (Padgett) application for summary relief and preliminary objections in the nature of a demurrer that the Pennsylvania State Police (PSP) filed on behalf of Frank Noonan, its former Commissioner.[1] Representing himself, Padgett filed a petition for review in the nature of mandamus alleging the Sexual Offender Registration and Notification Act (SORNA)[2] was unconstitutional as applied to him pursuant to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), cert. denied, __ U.S. __, 138 S. Ct. 925 (2018). PSP asserts Padgett fails to state a cognizable claim, and it challenges his standing. Relying on Muniz, Padgett seeks summary relief. Because Padgett has a right to

---

[1] Tyree C. Blocker succeeded Frank Noonan as Police Commissioner.

[2] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, effective December 20, 2012. SORNA, commonly known as Megan's Law IV, was enacted "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006[,] [42 U.S.C. §§16901-16945]." 42 Pa. C.S. §9799.10(1).

relief, we overrule PSP's preliminary objections, and we grant summary relief to Padgett as limited to the relief afforded in Muniz.

## I. Background

Padgett is currently serving an aggregated sentence of 15 to 30 years in prison for rape and involuntary deviate sexual intercourse. Pet. at ¶¶4, 8. Megan's Law I,[3] which was in effect at the time of his 1998 convictions, classified Padgett as a sexually violent predator.[4] Pet. at ¶7.

Padgett's offenses are classified as Tier III offenses requiring lifetime registration under SORNA. 42 Pa. C.S. §9799.14(d)(2) (relating to rape), (d)(4) (relating to involuntary deviate sexual intercourse). SORNA vests regulatory authority in PSP, and PSP maintains the sex offender registry. Pet. at ¶11.

In January 2017, our Supreme Court decided Muniz, holding that SORNA's registration provisions were punitive in nature. As a result, it determined

---

[3] Megan's Law I, Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), 42 Pa. C.S. §§9791-9799.6. After Megan's Law I was held unconstitutional, the General Assembly enacted Megan's Law II, Act of May 10, 2000, P.L. 74. When that statute was also deemed constitutionally infirm, it enacted Megan's Law III, Act of November 24, 2004, P.L. 1243.

[4] Megan's Law I defined a "sexually violent predator" as:

> A person who has been convicted of a sexually violent offense … and who is determined to be a sexually violent predator under section 9794(e) … due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

Formerly 42 Pa. C.S. §9792. Our Supreme Court declared this classification and related requirements unconstitutional in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999).

the retroactive application of those provisions violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[5]

In September 2017, Padgett filed a petition for review in the nature of mandamus, seeking relief from SORNA registration requirements pursuant to <u>Muniz</u>. He alleged SORNA, as applied to his 1998 convictions, "violates his rights under the *ex post facto* clauses, and the due process and equal protection of the law clauses of the United States [and Pennsylvania] Constitution[s] … and the 'reputation clause' [Article I, Section 1] of the Pennsylvania Constitution." Pet. at ¶12.

Upon PSP's application, this Court stayed the matter while the appeal of <u>Muniz</u> was pending before the United States Supreme Court. When the United States Supreme Court denied *certiorari* in early 2018, this Court directed PSP to file a responsive pleading.

PSP filed preliminary objections in the nature of a demurrer. Primarily, PSP alleges Padgett fails to state a claim because he is not subject to SORNA's registration requirements while he remains incarcerated. Because SORNA has not been applied to Padgett, and he is not listed in the registry, PSP contends Padgett's claim is not ripe. For the same reason, PSP also asserts Padgett lacks standing.

---

[5] Article I, Section 10 of the United States Constitution provides, in pertinent part, that, "No State shall . . . pass any … *ex post facto* Law …." U.S. CONST. art. I, §10. Article I, Section 17 of the Pennsylvania Constitution provides in pertinent part that, "No *ex post facto* law … shall be passed." PA. CONST. art. I, §17.

Padgett responded to the preliminary objections, acknowledging his current incarceration. He also alleged his pre-parole is scheduled for March 2018. In addition, Padgett filed an application for summary relief based on the finality of Muniz.

After briefing, the matter is ready for disposition.

## II. Discussion

To state a mandamus claim, the petitioner must prove "a clear legal right to relief … a corresponding duty in the respondent and the lack of any other adequate and appropriate remedy." Smires v. O'Shell, 126 A.3d 383, 387 (Pa. Cmwlth. 2015). Mandamus cannot lie "to compel performance of a discretionary act or to govern the manner of performing [the] required act." Coppolino v. Noonan, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014), aff'd, 125 A.3d 1196 (Pa. 2015) (citation omitted). Mandamus only offers a remedy to enforce established rights. Smires.

### A. Preliminary Objections

A demurrer contests the legal sufficiency of a complaint. Barge v. Pa. Bd. of Prob. & Parole, 39 A.3d 530 (Pa. Cmwlth. 2012), aff'd, 96 A.3d 360 (Pa. 2014). When assessing legal sufficiency, this Court must accept as true all well-pled, material and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. Markham v. Wolf, 147 A.3d 1259 (Pa. Cmwlth. 2016) (en banc). The Court, however, is not required to accept as true conclusions of law, unwarranted inferences from facts or expressions of opinion. Doe v. Miller, 886 A.2d 310 (Pa. Cmwlth. 2005). "To sustain preliminary objections, it must

4

appear with certainty the law will not permit recovery, and any doubts should be resolved by a refusal to sustain them." Id. at 314. With these principles in mind, we address PSP's preliminary objections.

### 1. Standing & Ripeness

First, we address PSP's challenge to Padgett's standing, and related challenge to the ripeness of his claim.

Our Supreme Court repeatedly recognizes the "considerable overlap" between standing and ripeness, especially where the objecting party's challenge to justiciability "focused on arguments that the interest asserted by the petitioner is speculative, not concrete, or would require the court to offer an advisory opinion." Yocum v. Pa. Gaming Control Bd., 161 A.3d 228, 234 (Pa. 2017) (citation omitted). However, "[s]tanding and ripeness are distinct concepts insofar as ripeness also reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute." Id.

"[T]he doctrine of ripeness mandates the presence of an 'actual controversy' and requires consideration of 'whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed.'" Bucks Cty. Servs., Inc. v. Phila. Parking Auth., 71 A.3d 379, 390 (Pa. Cmwlth. 2013) (quoting Bayada Nurses, Inc. v. Dep't of Labor & Indus., 8 A.3d 866, 874 (Pa. 2010)).

To have standing, a litigant must show his interest in the litigation is substantial, direct and immediate. Van Doren v. Mazurkiewicz, 695 A.2d 967 (Pa. Cmwlth. 1997) (rejecting ripeness challenge under Megan's Law I; holding inmate had standing to challenge registration requirements). The three elements of standing are well-established. As this Court explained:

> [A] 'substantial' interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A 'direct' interest requires a showing that the matter complained of caused harm to the party's interest. An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it ....

Markham, 147 A.3d at 1282 n.9 (quoting S. Whitehall Twp. Police Serv. v. S. Whitehall Twp., 555 A.2d 793, 795 (Pa. 1989)).

In this matter, there is no dispute that Padgett is currently housed in a correctional institution for one count of rape and two counts of involuntary deviate sexual intercourse. Pet. at ¶4. These are sexual offenses requiring registration as a sexual offender. He alleged that as of October 17, 2017, he will have served 20 years of his aggregated sentence. Pet. at ¶8.

PSP contends Padgett is not adversely impacted by SORNA because he is not subject to its registration requirements while he is incarcerated. We disagree.

A sexual offender has standing to challenge registration requirements to which he may be subject upon his release from prison. Van Doren; see Gregory

6

v. Pa. State Police, 160 A.3d 274 (Pa. Cmwlth. 2017) (single j. op.). We agree with Judge Cohn Jubelirer's well-reasoned single-judge opinion in Gregory addressing the ripeness of an incarcerated petitioner's rights to preclude PSP from applying SORNA registration requirements to him when his convictions pre-dated SORNA's enactment.

In Gregory, PSP also raised a challenge to the inmate's standing to challenge SORNA registration requirements based on his incarceration. There, this Court reasoned the inmate had a substantial and direct interest in relief from SORNA that surpassed that of other citizens in procuring obedience to the law because of the impending application of SORNA, and the harm that application would impose.

Padgett, like the inmate in Gregory, has a direct and substantial interest in protecting himself from the retroactive application of SORNA. Our Supreme Court deemed the registration requirements punitive in nature, and held that application of SORNA to those whose convictions for sexual offenses pre-dated SORNA's enactment was unconstitutional. See Muniz. Padgett would be aggrieved by the unconstitutional application of SORNA to him.

As to timing, this matter should be resolved prior to Padgett's release from incarceration. Delaying review and waiting for PSP to place his name on the registry will not assist our resolution. Van Doren.

The harm Padgett complains of is not speculative or remote. Indeed, by operation of law, Padgett's name will be included on the registry upon his release

7

from prison. Gregory v. Pa. State Police, 185 A.3d 1202 (Pa. Cmwlth. 2018) (denying application for relief in part as to applying SORNA to inmate) (Gregory (2018)). While his release may not be imminent, that does not render the harm remote. Therefore, Padgett has standing to seek relief, and the threatened harm renders his claim ripe.

## 2. Demurrer

Next, we consider PSP's preliminary objection in the nature of a demurrer to Padgett's mandamus claim.

PSP maintains Padgett is not entitled to relief from SORNA under Muniz because the case is distinguishable on its facts. PSP argues that unlike the inmate in Muniz, Padgett has not registered under a prior version of Megan's Law or SORNA because the registration provisions are tolled while he is incarcerated.

Our Supreme Court's decision in Muniz pertained to the retroactive application of SORNA, and held it was unconstitutional as applied to those whose sexual offense convictions pre-dated its enactment. The Court did not limit its holding to only those sexual offenders who were already registered as PSP suggests.

There is no dispute that Padgett's 1998 convictions pre-date SORNA's enactment in 2011. Therefore, SORNA is unconstitutional as applied to Padgett. Id. That SORNA has not yet been applied to Padgett does not bar relief. See, e.g., Gregory (2018). Accordingly, we overrule PSP's demurrer.

**B. Summary Relief**

Applications for summary relief are governed by Pa. R.A.P. 1532(b). "An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute." Markham, 147 A.3d at 1269 (applying Pa. R.A.P. 1532(b)). "In ruling on [an] application for summary relief, we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." Id. at 1270 (quoting Cent. Dauphin Sch. Dist. v. Dep't of Educ., 598 A.2d 1364, 1366-67 (Pa. Cmwlth. 1991)).

In his application for summary relief, Padgett seeks relief from SORNA registration requirements based on the holding in Muniz. He argues that Muniz held SORNA is unconstitutional as applied to him. Because Muniz is final, he contends he has a clear legal right to relief, and PSP may not apply SORNA to him.

In Muniz, our Supreme Court analyzed SORNA registration requirements then in effect[6] under the *ex post facto* clauses of the federal and state constitutions.[7] The Court deemed SORNA punitive in nature, so as to violate the *ex*

---

[6] Since our Supreme Court declared SORNA constitutionally infirm in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), cert. denied, __ U.S. __, 138 S. Ct. 925 (2018), the General Assembly amended certain provisions through the Act of February 21, 2018, P.L. 27, No. 10 (commonly referred to as Act 10). Act 10 also added several new sections found at 42 Pa. C.S. §§9799.42, 9799.51-9799.75. Act 10 was not in effect at the time the parties briefed the matters before the Court. However, PSP referred to Act 10 in its brief in opposition prior to its enactment. In addition, various provisions of Act 10 were reenacted and amended by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29), which became effective immediately. As neither Act 10 nor Act 29 is before us, we offer no opinion as to the application of these acts here.

[7] A law violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed." Commonwealth v. Allshouse, 36 A.3d 163, 184 (Pa. 2012).

9

*post facto* clauses when applied to those whose convictions pre-dated its enactment. See Commonwealth v. Reed (Pa., No. 10 WAP 2016, filed Aug. 22, 2017) (concurring statement, Saylor, C.J.) (recognizing the majority consensus in Muniz to the effect that SORNA exacts punishment and retroactive application of the enactment violates constitutional norms).

We hold Muniz offers an inmate a clear legal right to relief from the retroactive application of SORNA based on our Supreme Court's analysis of the statutory language then in effect. Gregory (2018).

Significantly, Padgett's application for summary relief is based solely on Muniz, and the Supreme Court's holding as to the constitutional infirmity of the version of SORNA it construed in that decision. Pursuant to Muniz, SORNA as then in effect may not be applied retroactively to Padgett. Padgett is entitled to summary relief on that limited ground. As such, PSP is precluded from imposing SORNA registration requirements on Padgett.

Because his application for summary relief relied solely on Muniz, which did not implicate any subsequent sexual offender legislation, this decision does not exempt Padgett from the application of any sexual offender registration statute that has been or may be subsequently enacted. To the extent his convictions may subject Padgett to registration under any post-Muniz legislative changes to SORNA or another version of Megan's Law, this Court offers no relief.

10

### III. Conclusion

For the foregoing reasons, PSP's preliminary objections are overruled. We also grant summary relief to Padgett on the limited grounds asserted in his application, so as to relieve him from compliance with SORNA registration requirements in effect at the time our Supreme Court construed them in <u>Muniz</u>.

_____

ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Alan Padgett,          :
            Petitioner     :
                            :
        v.            :   No. 412 M.D. 2017
                            :
Frank Noonan,           :
            Respondent  :

## **O R D E R**

**AND NOW**, this 30th day of July, 2018, the preliminary objections that the Pennsylvania State Police filed on behalf of Respondent Frank Noonan to Lynn Alan Padgett's (Padgett) Petition for Review in the Nature of a Complaint in Mandamus are **OVERRULED**.

**AND FURTHER**, Padgett's application for summary relief is **GRANTED** as limited to the version of the Sexual Offender Registration and Notification Act[8] that was in effect when our Supreme Court decided <u>Commonwealth v. Muniz</u>, 164 A.3d 1189 (Pa. 2017), <u>cert.</u> denied, __ U.S. __, 138 S. Ct. 925 (2018).

 

ROBERT SIMPSON, Judge

---

[8] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, prior to amendment by the Act of February 21, 2018, P.L. 27, No. 10.