IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Pacheco,                          :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Robert Evanchick,                       :    No. 178 M.D. 2019
                    Respondent          :    Submitted:  May 22, 2020


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  September 11, 2020


          Before the Court is Petitioner Henry Pacheco's (Petitioner) Motion for Summary [Relief] (Motion) in relation to his Petition for Review seeking relief from his lifetime sex offender registration requirement in Pennsylvania under the Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, Act 10 or SORNA II). For the reasons stated herein, we deny the Motion.

          By way of brief statutory background, beginning in 1995, Pennsylvania's General Assembly has enacted a series of statutes and amendments requiring sex offenders living within the Commonwealth to register with the Pennsylvania State Police (PSP) for varying periods of time based on their convictions for certain sex offenses. The General Assembly enacted the first of these statutes in 1995, commonly known as Megan's Law I, *former* 42 Pa.C.S. §§ 9791-

9799.6, followed five years later, in 2000, by what is commonly known as Megan's Law II, *former* 42 Pa.C.S. §§ 9791-9799.7. In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *former* 42 Pa.C.S. §§ 9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court handed down the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held that SORNA I violated the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

In 2013, Petitioner was convicted of rape of a child less than 13 years of age,[1] a felony of the first degree, and was sentenced to 10 to 20 years of incarceration.[2] SORNA I, the sex offender registration scheme in effect at the time, classified rape of a child as a Tier III offense,[3] requiring a convicted individual to register as a sex offender for life.[4] Thus, Petitioner became a lifetime sex offender registrant in 2013 under SORNA I, and he remained a lifetime registrant when SORNA II went into effect.[5] The sentencing court did not determine Petitioner to be a sexually violent predator (SVP).

---

[1] 18 Pa.C.S. § 3121(c).

[2] Petitioner remains incarcerated on this rape of a child conviction.

[3] *See former* 42 Pa.C.S. § 9799.14(d)(2) (effective Dec. 20, 2012, through June 12, 2018).

[4] *See former* 42 Pa.C.S. § 9799.15(a)(3) (effective Dec. 20, 2012, through June 12, 2018).

[5] Because Petitioner committed his offense in 2013, he is subject to Subchapter H of SORNA II. *See* 42 Pa.C.S. § 9799.13.

On March 22, 2019, Petitioner filed a Petition for Review with this Court, and he filed the instant Motion on September 26, 2019.[6] In his brief, Petitioner alleges that SORNA II is an *ex post facto* law that is unconstitutional and punitive as applied to him, violates the separation of powers doctrine, and violates the Equal Protection Clauses of the United States and Pennsylvania Constitutions.[7] *See* Petitioner's Brief at 4-8. We disagree.

In *Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019),[8] this Court overruled an as-applied constitutional challenge to SORNA I in the analogous situation of an individual required to register for life by virtue of his status as an SVP. In *Bill*, this Court noted that the rationale in *Muniz* is inapplicable in situations where SORNA I did not result in an increase of sex offender registration obligations. *See id.*, slip op. at 11. *Bill* involved an individual who was continuously subject to lifetime registration requirements, since his conviction, by virtue of having been classified as an SVP. *Id.* This Court noted that because SORNA I did not increase the registration obligations of SVPs – they remained lifetime registrants from Megan's Law III to SORNA I – SORNA I was not an *ex post facto* law as applied. *Id.* We explained:

---

[6] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514 (Pa. 2008); *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, this Court "view[s] the evidence of record in the light most favorable to the non-moving party and enter[s] judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven*, 169 A.3d at 145 (internal quotation marks omitted).

[7] *See* U.S. Const. amend. XIV, § 1; Pa. Const. art. VIII, § 1.

[8] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

> This Court has repeatedly determined that SORNA I is not an unconstitutional *ex post facto* law as applied, to the extent it *merely continues the same registration requirement already in place under the law*.

*Id.* (emphasis added; internal citation omitted). The Court continued and expanded its determination, stating that neither SORNA I nor SORNA II constitutes an impermissible *ex post facto* law as applied where an individual remains subject to the same registration requirements. *Id.*, slip op. at 11-12.

As with the SVP-classified petitioner in *Bill*, SORNA II did not increase Petitioner's sex offender registration requirements in the instant matter. Petitioner was subject to lifetime sex offender registration under SORNA I upon his conviction for rape of a child less than 13 years of age. *See former* 42 Pa.C.S. §§ 9799.14(d)(2) & 9799.15(a)(3). Therefore, SORNA II did not increase Petitioner's registration requirements. As such, the *Muniz* rationale does not apply and SORNA II does not constitute an impermissible *ex post facto* law as applied to Petitioner. *See Bill*; *see also Marshall v. Pa. State Police* (Pa. Cmwlth., No. 552 M.D. 2017, filed July 18, 2018), slip op. at 8-9 (holding that a petitioner seeking relief from Act 10's sex offender registration requirements under *Muniz* is not entitled to relief because no *ex post facto* violation exists where the petitioner does not experience any increased registration requirements).

To the extent Petitioner claims that in enacting SORNA II the General Assembly somehow overruled the sentencing court, thereby violating the doctrine of separation of powers,[9] we disagree. *See* Petitioner's Brief at 6. In addition to not

---

[9] "The doctrine of separation of powers is inherent in the Pennsylvania Constitution and recognizes that the legislature, executive, and judiciary are independent, co-equal branches of government and no branch may exercise the functions specifically committed to another branch." *Thomas v. Grimm*, 155 A.3d 128, 137 (Pa. Cmwlth. 2017). We note that "[u]nder Article II,

4

extending Petitioner's sex offender registration requirements as discussed *supra*, the enactment of SORNA II in no way altered the underlying sentence imposed by the sentencing court for Petitioner's rape of a child conviction. Accordingly, Petitioner's separation of powers claim fails.

To the extent Petitioner argues his sex offender registration requirements somehow violate the Equal Protection Clauses of the United States and Pennsylvania Constitutions, we again disagree. *See* Petitioner's Brief at 7-8. This Court has determined, and the Supreme Court has affirmed, that the classification of convicted sex offenders as a category of felons is not based on a suspect class and that such classification does not affect any fundamental rights. *Doe v. Miller*, 886 A.2d 310, 316 (Pa. Cmwlth. 2005), *aff'd*, 901 A.2d 495 (Pa. 2006) (Megan's Law II). Further, this Court has determined that Pennsylvania's sex offender registration classification system satisfies the requirements of equal protection under the state and federal constitutions because it seeks to promote the legitimate state interests of public safety and welfare, and is reasonably related to enhancing those interests. *Id.* Accordingly, Petitioner's equal protection argument fails.

For the above reasons, Petitioner has failed to demonstrate a clear right to the judgment he seeks. Accordingly, we deny the Motion.

_____
CHRISTINE FIZZANO CANNON, Judge

---

Section 1 of our Constitution, the legislative power of the Commonwealth is vested in the General Assembly." *Jubelirer*, 953 A.2d at 529. "The legislative power is the power to make, alter and repeal laws." *Id.* (internal quotation marks omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Pacheco,                          :
          Petitioner              :
                                       :
          v.                       :
                                       :
Robert Evanchick,                       :     No. 178 M.D. 2019
          Respondent              :

## O R D E R

AND NOW, this 11th day of September, 2020, Petitioner Henry Pacheco's Motion for Summary [Relief] is hereby DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge