IN THE COMMONWEALTH COURT OF PENNSYLVANIA

V.M., :
                    Petitioner :
                                     :
          v. :
                                       :
Pennsylvania State Police, : No. 23 M.D. 2024
                    Respondent : Submitted: July 7, 2025

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: August 22, 2025

Before this Court, in our original jurisdiction, are preliminary objections filed by the Pennsylvania State Police (PSP), regarding a petition for writ of mandamus (Mandamus Petition) filed by V.M. (Petitioner), which seeks to direct the PSP to "correct" Petitioner's sexual offender registration status and "remove" him from the requirement to register. Upon review, we sustain the PSP's preliminary objections and dismiss Petitioner's petition for writ of mandamus.

## I. Factual and Procedural Background

On January 25, 2024, Petitioner filed the subject Mandamus Petition. Petitioner acknowledged that in 1991, he pleaded guilty and was convicted of multiple sexual offenses arising from incidents that occurred in 1986 and 1989.[1]

---

[1] Petitioner does not dispute that his offenses included rape and involuntary deviate sexual intercourse (IDSI), which, as will be discussed, are among the enumerated offenses requiring lifetime registration under the current law. *See* PSP's First Preliminary Objections at 3.

Mandamus Petition at 1. He argued that because his offenses predated the enactment of any sexual offender registration requirements in Pennsylvania, subjecting him to the requirements of any subsequent registration laws violated constitutional *ex post facto* protections against retrospective criminal punishment or the increase of such punishment for actions committed before passage of the law imposing or increasing the punishment.[2] *Id*. at 2; *see Commonwealth v. Muniz*, 164 A.3d 1189, 1195-96 (Pa. 2017). Petitioner added that he had requested in writing that the PSP correct his status and remove his lifetime registration requirement but had received no response. *Id*. As such, his only available relief was through mandamus proceedings asking this Court to direct the PSP to remove his sexual offender status and registration requirement. *Id*. at 3. In February 2024, the PSP filed initial preliminary objections asserting that registration requirements are not punitive or tantamount to criminal punishment and, as such, do not violate *ex post facto* principles. First Preliminary Objections at 4-5 (citing *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020)).

In March 2024, Petitioner filed an amended petition for writ of mandamus (Amended Mandamus Petition). He reiterated his *ex post facto* claims regarding registration and added claims that registration violates his reputational rights, due process rights, and right to freedom from cruel and unusual punishment. Amended Mandamus Petition at 1-2. He continued to request that this Court order the PSP to remove his sexual offender status and registration requirement. *Id*. at 3.

---

[2] *See* U.S. CONST. art. I, § 9 (proscribing the passage of *ex post facto* laws); PA. CONST. art. I, § 17 (same). This Court has recognized that these two provisions "are virtually identical, and the standards applied to determine an *ex post facto* violation are comparable." *Cao v. Pa. State Police*, 280 A.3d 1107, 1108 n.2 (Pa. Cmwlth. 2022) (quoting *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 909 (Pa. Cmwlth. 2003) (additional quotation marks omitted)).

The PSP filed preliminary objections to Petitioner's Amended Mandamus Petition (Current Preliminary Objections). The PSP reiterated its argument against Petitioner's *ex post facto* claims; asserted that Petitioner's reputational rights claims were not based on factual assertions but, rather, were unsupported conclusions, allegations, or opinions; averred that because the registration requirements have been declared non-punitive, they cannot constitute cruel and unusual punishment; and maintained that Petitioner failed to identify a specific interest protected by federal due process rights. Current Preliminary Objections at 5-6. Petitioner answered the Current Preliminary Objections, and this Court ordered briefing, which is now complete, making this matter ripe for disposition.

## II. Issues

The PSP maintains that Petitioner's claims are legally insufficient because the current version of the registration law, the Sexual Offender Registration and Notification Act (SORNA II),[3] does not impose criminal punishment so as to trigger *ex post facto* concerns. PSP Br. at 9-10. Petitioner reiterates that because his offenses predated any registration laws, subjecting him to the current requirements violates *ex post facto* principles. Petitioner's Br. at 3. Petitioner relies on *Muniz* and *Commonwealth v. Santana*, 266 A.3d 528 (Pa. 2021), for the assertions that registration is punitive, that all prior registration statutes have been repealed, and

---

[3] Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, SORNA II).

that SORNA II can be applied only prospectively to require registration by individuals who committed offenses after it became effective in 2018.[4] *Id*. at 5-8.

### III. Discussion

Mandamus exists to compel official performance of a ministerial act or a mandatory duty. *Coppolino v. Noonan*, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014). This Court may issue a writ of mandamus where the petitioner has a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists. *Id*. Thus, "mandamus will lie to compel action by an official where his refusal to act in the requested way stems from his erroneous interpretation of the law." *Id*.

A demurrer challenges the legal sufficiency of a complaint. *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530 (Pa. Cmwlth. 2012). When assessing legal sufficiency, this Court must accept as true all well-pled, material, and relevant facts alleged in the complaint and every inference fairly deducible from those facts. *Markham v. Wolf*, 147 A.3d 1259 (Pa. Cmwlth. 2016). This Court, however, is not required to accept as true conclusions of law, unwarranted inferences from facts or expressions of opinion. *Doe v. Miller*, 886 A.2d 310 (Pa. Cmwlth. 2005). "To sustain preliminary objections, it must appear with certainty the law will not permit recovery, and any doubts should be resolved by a refusal to sustain them." *Id*. at 314.

---

[4] Petitioner has not addressed or developed the arguments in his Amended Mandamus Petition that registration violates his reputational rights, due process rights, and right to be free of cruel and unusual punishment. As such, these arguments are waived. *In re Estate of Ryerss*, 987 A.2d 1231, 1236 n.7 (Pa. Cmwlth. 2009) (holding that arguments not properly developed in an appellate brief will be deemed waived by this Court).

The applicable statute in this case is Section 9799.55(b)(2)(i)(B) of SORNA II, which states that registration requirements[5] apply to individuals convicted "in this Commonwealth of offenses set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired[.]"[6] 42 Pa.C.S. § 9799.555(b)(2)(i)(B).

Our Court recently discussed *ex post facto* concerns with regard to SORNA II in *T.J. v. Pennsylvania State Police*, 288 A.3d 934 (Pa. Cmwlth. 2023), which relied extensively on *Cao v. Pennsylvania State Police*, 280 A.3d 1107 (Pa. Cmwlth. 2022). Our analysis in *T.J.* specifically addresses *Muniz* and *Santana*, the cases upon which Petitioner relies:

> The predecessor statute of SORNA II, known as SORNA I [*formerly* 42 Pa. C.S. §§ 9799.10-9799.41], was enacted in 2011, effective December 20, 2012. In [*Muniz*], the Pennsylvania Supreme Court held that SORNA I violated constitutional *ex post facto* provisions to the extent that it was applied retroactively to increase the registration obligations of sex offenders who were convicted of certain crimes before SORNA I's effective date.
>
> In 2018, in response to the *Muniz* decision, the General Assembly enacted SORNA II, which amended certain provisions of SORNA I for the purpose of curing SORNA I's constitutional infirmities. Subsequently, in

---

[5] The requirements include periodic in-person appearances at an approved registration site for a current photograph and to update personal information including changes in name, residence, employment, phone number, email address, vehicle ownership, and student or professional license status. *See* 42 Pa.C.S. § 9799.15(e), (g).

[6] Clause (A) includes rape and IDSI, the offenses of which Petitioner was convicted. 42 Pa.C.S. § 9799.555(b)(2)(i)(A). April 22, 1996 was the effective date of the first registration law enacted in Pennsylvania, known as Megan's Law I. *Former* 42 Pa.C.S. §§ 9791-9799.6.

*Commonwealth v. Lacombe*, 660 Pa. 568, 234 A.3d 602 (2020), our Supreme Court upheld the validity of SORNA II against a constitutional challenge, concluding that retroactive application of the sex offender registration provisions in Subchapter I of SORNA II are nonpunitive and therefore do not violate the constitutional prohibition against *ex post facto* laws.

Nevertheless, the petitioner in *Cao* argued that SORNA II was unconstitutionally retroactive as to him because he committed his offenses before the enactment of any sex offender registration laws. The *Cao* petitioner relied on our Supreme Court's decision in [*Santana*] . . . .

In *Santana*, the petitioner was required to register as a sex offender in New York after committing a sex offense there. He was later convicted of violating SORNA II's reporting requirements after relocating from New York to Pennsylvania and failing to register with the [PSP]. Our Supreme Court held that *Muniz* applied equally to offenders whose triggering offenses occurred in another state prior to SORNA I's enactment; because SORNA I imposed registration requirements that did not exist at the time of the petitioner's triggering offense in his former home state, the Court concluded that retroactive application of SORNA I to him was punitive and an unconstitutional *ex post facto* law under *Muniz*.

However, this Court rejected the *Cao* petitioner's argument that *Santana* abrogated his registration requirement. We explained that although the invalidation of SORNA I in *Muniz* applied equally to persons relocating to Pennsylvania after committing crimes in other states, *Santana* did not invalidate the application of SORNA II's registration requirements. As discussed above, ***Lacombe* has established that the registration provisions of SORNA II are not punitive and therefore are not unconstitutional when applied retroactively to persons who committed offenses prior to its enactment**. **Nothing in *Santana*, which relates solely to SORNA I, negates the holding of *Lacombe*, which relates to SORNA II**. Accordingly, we conclude that the registration

6

requirements of SORNA II are not unconstitutional as applied . . . here[.]

288 A.3d at 936-37 (emphasis added; footnotes and some citations omitted).

Our Supreme Court explained in *Lacombe* that SORNA II is not punitive under the multi-factor balancing test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). First, the requirements of SORNA II do not constitute an improper affirmative disability or restraint on offenders because SORNA II "has significantly reduced in-person reporting requirements that alleviate many of the concerns expressed in *Muniz*." *Lacombe*, 234 A.3d at 619. Next, SORNA II is rationally connected to the alternative purpose of "protecting and informing the public regarding sexual offenders the General Assembly considers dangerous." *Id*. at 625. Relatedly, SORNA II's requirements are not excessive in relation to the alternative purpose of public safety. *Id*. at 626. Considering these factors along with the others in the *Mendoza-Martinez* test, our Supreme Court concluded: "As we have not found the requisite 'clearest proof' [that SORNA II] is punitive, we may not 'override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]'" *Id*. at 626.

Additionally, we explained in *Cao* that in December 2020, our Supreme Court issued a *per curiam* order in *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020), which reversed an *en banc* decision of this Court and extended *Lacombe*'s holding and concluded that SORNA II is not punitive and does not violate *ex post facto* principles as applied to individuals whose offenses were committed before the enactment of any sex offender registration scheme. *Cao*, 280 A.3d at 1112.

Here, Petitioner committed rape and IDSI in 1986 and 1989. The enactment of registration statutes in Pennsylvania began with Megan's Law I, which

became effective in April 1996. *See former* 42 Pa.C.S. §§ 9791-9799.6. However, SORNA II requires lifetime registration for any individual convicted "in this Commonwealth of offenses set forth in clause (A) who were required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012,[7] **whose period of registration has not expired**[.]" 42 Pa.C.S. § 9799.55(b)(2)(i)(B) (emphasis added). Petitioner's offenses of rape and IDSI are within Clause (A) of the relevant statute. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(A). Although Petitioner's offenses predated the Megan's Law regime, which was the first version of Pennsylvania's registration requirements, Petitioner's initial requirement to register arose under those laws. *See Cao*, 280 A.3d at 1112. As Petitioner's offenses of rape and IDSI place him within the lifetime registration category, his period of registration has no expiration date. As such, Section 9799.55(b)(2)(i)(B) of SORNA II applies here.

As noted, Petitioner also asserts that SORNA II is punitive and that the repeal of registration laws preceding SORNA II effectively nullified those prior laws to the extent that requiring him to register under SORNA II violates *ex post facto* principles because his offenses predate any registration laws in Pennsylvania. These arguments have been rejected by our Supreme Court. In *Lacombe*, our Supreme Court conducted an in-depth evaluation of SORNA II and determined that it was not punitive or tantamount to criminal punishment and, as such, could not support *ex post facto* claims. *See* 234 A.3d at 618-26. In *T.S.*, our Supreme Court extended *Lacombe* to individuals, like Petitioner, whose "triggering offenses were committed before the enactment of any sex offender registration laws" in Pennsylvania. *Cao*, 280 A.3d at 1112 (citing *T.S.*, 241 A.3d at 1091). As such, Petitioner's claims fail.

---

[7] This was the effective date of SORNA I, the predecessor to SORNA II. *See former* 42 Pa.C.S. §§ 9799.10-9799.41.

## IV. Conclusion

In light of the foregoing, we conclude that Petitioner's amended petition for writ of mandamus fails to state a legally sufficient claim for relief. Accordingly, we sustain the PSP's preliminary objections in the nature of a demurrer and dismiss the amended petition.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

V.M.,                                    :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Pennsylvania State Police,               :    No. 23 M.D. 2024
                        Respondent       :

# **O R D E R**

AND NOW, this 22nd day of August, 2025, we SUSTAIN the preliminary objections filed by the Pennsylvania State Police and DISMISS the amended petition for writ of mandamus filed by V.M.

_____
CHRISTINE FIZZANO CANNON, Judge