Jeffrey WAGAMAN, Joseph Gensemer, Melvin Schwartz, Darren Taylor, Jay Yunik, on behalf of themselves and all similarly situated PA inmates and those released subject to Megan's Laws provisions, Petitioners,

v.

ATTORNEY GENERAL OF the COMMONWEALTH of Pennsylvania, Gerald J. Pappert, Respondent.

Commonwealth Court of Pennsylvania.

Submitted Feb. 4, 2005.

Decided April 12, 2005.

Jeffrey Wagaman, Joseph Gensemer, Melvin Schwartz, Darren Taylor, and Jay Yunik, petitioners, *pro se*.

Michael L. Harvey, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Presently before this Court in our original jurisdiction are the preliminary objections of the Attorney General of the Commonwealth Pennsylvania to the "Civil Class Action", which we will refer to as a "petition for review", filed, *pro se,* by Jeffrey Wagaman, Joseph Gensemer, Melvin Schwartz, Darren Taylor, and Jay Yunik (hereinafter collectively referred to as "Petitioners"), on behalf of themselves and all similarly situated Pennsylvania inmates and those released subject to the provisions of what is commonly referred to as "Megan's Law II." 42 Pa.C.S. §§ 9791–9799.7.

Petitioners' petition for review alleges that the Commonwealth's Megan's Law II is based on conclusions drawn from flawed premises and therefore, violates the Equal Protection Clause of the 14th Amendment

to the United States Constitution [1] and Article I, Sections 9 [2] and 26,[3] and Article IX, Section 1,[4] of the Pennsylvania Constitution. In this regard, Petitioners offer the following three specific questions/arguments in the petition for review: [5]

1. Does Megan's Law II fail the Pennsylvania Legislature's objective of protecting society and the general welfare of the Public? Megan's Law II falls short of the declared goal of protecting the safety and general welfare of the public. Although society has been placated and made to feel more comfortable, it is not safer. Megan's Law II is illogical and inherently discriminatory, and cannot withstand constitutional scrutiny.

2. Did the Pennsylvania Legislature violate the United States and Pennsylvania Constitutions by distorting its "reasonableness of classification standards?" Provisions of Megan's Law II fail the test for equal protection under the law, in that the Legislature had manipulated and distorted its declared basis for classification of sexual offenders, defying reason and common sense.

3. Is Megan's Law II inherently arbitrary, capricious and discriminatory because the Legislature drew conclusions from flawed premises? Arbitrary and capricious standards were applied in order to unfairly and unjustly create a disfavored class of sexual offenders, whereas authoritative recidivism studies belie the government's arguments.

Petition for Review at 6. Petitioners further aver "that the government has a responsibility to avoid misinforming society, and is not empowered to enact statutes or laws which are inherently arbitrary, discriminatory and unreasonable, in violation of the constitution, *no matter how noble the cause.*" *Id.*

---

1. The Equal Protection Clause of the 14th Amendment provides that no state shall deny to any person within its jurisdiction the equal protection of the laws.

2. Article I, Section 9 of the Pennsylvania Constitution provides:

   In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of this peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

3. Article I, Section 26 of the Pennsylvania Constitution provides:

   Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

4. Article IX, Section 1 of the Pennsylvania Constitution provides:

   The General Assembly shall provide by general law for local government within the Commonwealth. Such general law shall be uniform as to all classes of local government regarding procedural matters.

5. We note that the form of Petitioners' petition for review is more in the nature of a brief rather than a complaint divided into specific counts with numbered paragraphs setting forth the averments of each count. Thus, we will treat the three specific questions/arguments set forth in the "Questions" and "Summary of Plaintiff's Argument" sections of the petition for review as three separate counts for which Petitioners are seeking relief from this Court.

Based on the content of the petition for review, Petitioners request that this Court: (1) declare Megan's Law II unconstitutional and suspend the registration and notification requirements affecting all persons similarly situation; (2) abide by the Equal Protection Clause of the 14th Amendment of the United States Constitution and parallel section of the Pennsylvania Constitution by including all offenders under the Megan's Law II as required in felony classification standards; and (3) declare Megan's Law II null and void.

The Attorney General filed preliminary objections in the nature of a demurrer seeking dismissal of the petition for review for two primary reasons. First, the Attorney General avers that he has no statutory duty to enforce, administer or otherwise implement Megan's Law II and has not enforced or threatened to enforce Megan's Law II against the Petitioners. Therefore, the Attorney General avers that he is not a proper party to this action.

Second, the Attorney General avers that because Megan's Law II involves neither fundamental rights nor proceeds along suspect lines, it is accorded a strong presumption of validity and will be upheld as long as there is some plausible reason for the legislative action. Here, the Attorney General contends, there is a rational basis for the registration and notification provisions of Megan's Law II.

■ In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski,* 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994). The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to

sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

■ In support of the argument that he is not a proper party, the Attorney General argues that he does not have any responsibility to administer or enforce Megan's Law II and that the only other way he could be named as a proper party is if his own actions were at issue, which is not the case in this matter. The Attorney General points out that the Pennsylvania State Police are charged with the responsibility of receiving registrations and forwarding materials to local law enforcement officials who in turn are responsible for providing the required community notifications.

In response, Petitioners maintain that the Attorney General is the proper party pursuant to the Commonwealth Attorneys Act.[6] Petitioners argue that under the Commonwealth Attorneys Act, the Attorney General is responsible for upholding and defending the constitutionality of all statutes and that it is the Attorney General's responsibility to represent the Commonwealth and its agencies in any action challenging the constitutionality of any statute. Thus, Petitioners contend, the Attorney General is a proper party because he is the "chief law enforcement officer" of this Commonwealth.

We agree with Petitioners that the Attorney General has a statutory duty pursuant to the Commonwealth Attorneys Act "to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation...." *See* Section 204 of the Commonwealth Attorneys Act, 71 P.S. § 732–204. However, we disagree that the Attorney General's general duty to uphold the laws of this Commonwealth,

---

**6.** Act of October 15, 1980, P.L. 950, *as*      *amended,* 71 P.S. §§ 732–101–732–506.

standing alone, suffices to render him a proper respondent/defendant in this action.

In order for the Attorney General to be a proper party, Megan's Law II must give him powers or duties with respect to the law's enforcement or administration. *See Allegheny Sportsmen's League v. Ridge*, 790 A.2d 350 (Pa.Cmwlth.2002), *aff'd*, Pa., —— Pa. ——, 860 A.2d 10 (2004) (The interest in enforcing and defending the statute in question belongs to the governmental official who implements the law; the true party in interest is the governmental official who implements the law.); *see also Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators*, 696 A.2d 859 (Pa.Cmwlth.1997), *appeal dismissed*, 550 Pa. 228, 704 A.2d 631 (1998) (Governor was not an indispensable party because the statute in question did not give the governor any powers or duties with respect to the law's enforcement or administration.). In other words, in order to bring suit against the Attorney General, the Attorney General must be the official who is charged with the enforcement and administration of Megan's Law II and, clearly, under the provisions of the statute, it is the Pennsylvania State Police who are charged with administering and enforcing the provision of Megan's Law II. *See generally* 42 Pa.C.S. §§ 9791–9799.

Thus, we find that the Attorney General is not a proper party in this matter. To hold otherwise would result in the Attorney General becoming a party to every action challenging the constitutionality of legislation.

Accordingly, we sustain the Attorney General's preliminary objection in the nature of demurrer on the basis that he is not a proper party. As the Attorney General is the only party named as a respondent/defendant in Petitioners' action, we dismiss the petition for review with prejudice and will not address the Attorney General's remaining preliminary objection challenging the merits of Petitioners' claims.

## ORDER

AND NOW, this 12th day of April, 2005, this Court sustains the Respondent's preliminary objection that the Attorney General is not a proper party to this action and dismiss Petitioners' "Civil Class Action" with prejudice.