IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Key,                 :
          Petitioner       :
                         :    No. 304 M.D. 2022
       v.                     :
                         :    Submitted: November 9, 2023
Pennsylvania Department of     :
Corrections,                   :
          Respondent     :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER Judge
                HONORABLE LORI A. DUMAS, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: March 22, 2024

      Brandon Key (Petitioner) has *pro se* filed an amended petition for review in this Court's original jurisdiction, seeking declaratory relief. In response, the Department of Corrections (the Department) has filed preliminary objections, asserting that Petitioner has failed to state a claim upon which relief could be granted. After careful review, we sustain in part and dismiss as moot in part the preliminary objections, and we dismiss with prejudice the amended petition for review.

## I. BACKGROUND[1]

      Petitioner is an inmate at the State Correctional Institution (SCI)-Somerset, serving a sentence of life without parole for murder and a second sentence

---

[1] We base the statement of facts on those alleged in the amended petition for review. *See* Am. Pet. for Rev., 10/25/22. Additionally, Petitioner attached a number of documents as exhibits to his petition; any citations to said exhibits are specifically noted. *See Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (observing that courts reviewing preliminary objections may not only consider the facts pleaded in the petition for review, but also any documents or exhibits attached to it).

for attempted murder and related crimes.[2] *See* Inmate's Request, 10/17/21, at 1. Since his incarceration, Petitioner has litigated numerous challenges to his sentences, including by direct appeal, collateral post-conviction proceedings, and federal habeas litigation.[3]

In April 2021, Petitioner made a formal request to prison staff for three extra boxes to hold his legal materials. *See* Inmate's Request, 4/8/21, at 1. His request was denied. At the conclusion of the grievance process, Petitioner received a final appeal decision stating that he had been approved for the same amount of additional legal storage as any other inmate at SCI-Somerset. *See* Final Appeal Decision, 4/7/22.

In October 2021, Petitioner made a formal request for single-cell housing, averring that his cellmate was interfering with his efforts to litigate his various appeals. *See* Single Celling Request, 10/17/21, at 1. His request was denied. At the conclusion of the grievance process, Petitioner received a final appeal decision stating that he had not met the criteria for single-cell housing. *See* Final Appeal Decision, 3/29/22.

Subsequently, Petitioner filed the instant petition, addressed to this Court's original jurisdiction, raising counts in declaratory judgment.[4] Petitioner

---

[2] In 1997, Petitioner was convicted of attempted murder and related offenses; in 1998, Petitioner was convicted of murder and related offenses.

[3] Petitioner asserts that he is currently litigating a petition seeking collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

[4] Petitioner's averments are extensive and difficult to parse, and we caution Petitioner that while this Court liberally construes *pro se* pleadings, we cannot act as a petitioner's counsel and develop his arguments for him. *See Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (declining to analyze cited decisions where advocate failed to develop an accompanying argument; appellate courts are "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the [c]ourt in the conflicting roles of advocate and neutral arbiter."); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004)

asserted that, historically, he had received ineffective assistance of counsel to the point that he was forced to proceed in his litigation seeking collateral relief *pro se*. *See, e.g.*, Am. Pet. for Rev. ¶¶ 56, 57, 60, 65, 81, 92. Petitioner contended that the failure to provide him with competent legal representation amounted to state interference with his litigation efforts, in violation of the Sixth and Fourteenth Amendments of the United States Constitution, U.S. Const. amends. VI, XVI. *See id.*, ¶¶ 56, 81. Further, according to Petitioner, he has a liberty interest in utilizing PCRA procedures that was affected by the Department's decisions. *See id.*, ¶¶ 54, 77-78.

Petitioner requested that this Court issue an order declaring that (1) the quality of court-appointed criminal defense in Pennsylvania forces indigent prisoners to bear the responsibility for handling the litigation of their own legal matters in violation of the Sixth and Fourteenth Amendments of the United States Constitution, and the Pennsylvania Constitution, and (2) the Department's failure to grant inmates reasonable litigation-related accommodations, including single-cell housing and adequate storage of legal materials, violates the Sixth and Fourteenth Amendments. *Id.*, *ad damnum* clause.

The Department filed preliminary objections by demurrer, contending that Petitioner had failed to state a claim on which relief could be granted and requesting that this Court dismiss his petition for review. *See* Prelim. Objs., 11/21/22, ¶¶ 10-40. Petitioner filed a response in opposition to the preliminary objections. *See* Answer to Prelim. Objs., 12/13/22.

---

(acknowledging "the frequent necessity, and incumbent difficulty, of *pro se* representation . . . [and noting that], it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing" (citation omitted)).

## II. ISSUES

The Department objects by demurrer. *See* Prelim. Objs., ¶¶ 10-40. In particular, the Department identifies and challenges three claims by Petitioner: (1) deficiencies in his criminal proceedings; (2) lack of access to the courts; and (3) a due process challenge to the prison grievance system. *See* Prelim. Objs., ¶¶ 16-20. 21-40.

## III. DISCUSSION

When reviewing preliminary objections to petitions for review in our original jurisdiction, we "must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts." *Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations." *See id.* "[W]here any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006).

A "demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law[.]" *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (cleaned up). We sustain a demurrer only when the law undoubtedly precludes recovery; if doubt exists, we should overrule the demurrer. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "When ruling on a demurrer, a court must confine its analysis to the [petition for review]." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she

4

possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

## A. Demurrer – Deficiencies in Criminal Proceedings

Initially, the Department objects that it is not a proper party to the suit, as it was not involved in Petitioner's criminal cases, either historical or current, and had no part in those proceedings. *See* Prelim. Objs., ¶¶ 18-20; *see also* Dep't's Br. at 10-11. According to the Department, the cases cited by Petitioner relate to the guarantee of counsel in a criminal trial under the Sixth Amendment and the due process requirement that the PCRA process be fundamentally fair. *See* Prelim. Objs., ¶ 18; *see also* Dep't's Br. at 10-11. Therefore, the Department asserts that its demurrer should be sustained and the petition dismissed.[5] *See* Prelim. Objs., ¶ 40; *see also* Dep't's Br. at 15.

This Court has previously considered whether a party is proper in the context of a demurrer. *See Wagaman v. Att'y Gen. of Com.*, 872 A.2d 244, 247 (Pa. Cmwlth. 2005); *see also Golden Triangle News, Inc. v. Corbett*, 700 A.2d 1056, 1060 (Pa. Cmwlth. 1997). In *Wagaman*, inmates filed a petition for review in this Court's original jurisdiction, challenging the constitutionality of sex offender registration laws.[6] *See Wagaman*, 872 A.2d at 247. The Attorney General of Pennsylvania filed preliminary objections, asserting that he was not a proper party to the action, because the Pennsylvania State Police is the agency charged with administering and enforcing the provisions of sex offender registration laws. *See id.* This Court sustained the objections and dismissed the petition, concluding that the

---

[5] Petitioner has not responded to this argument in either his answer to preliminary objections or his brief in opposition to the preliminary objections. *See* Answer to Prelim. Objs., ¶ 20; *see generally* Pet'r's Br.

[6] At that time, Megan's Law II, 42 Pa.C.S. §§ 9791-9799.7.

interest in enforcing a statute belongs to the government official who implements the law, and a governmental official who does not have an interest in enforcing that statute is not a proper party. *See id.*

The Prisons and Parole Code[7] delineates the powers and duties of the Department. *See* 61 Pa.C.S. § 1105. The Department has the power and duty to "establish standards for county correctional institutions, including, but not limited to, standards for physical facilities and standards for correctional programs of treatment, education and rehabilitation of inmates" and to "inspect county correctional institutions and to classify them in accordance with standards adopted [by the Department] as eligible to receive inmates sentenced to maximum terms of six months or more but less than five years." *See* 61 Pa.C.S. § 1105(a)(1)-(2). The Department "may prescribe, adopt, promulgate and enforce rules and regulations in order to administer the provisions of this section." *See* 61 Pa.C.S. § 1105(b). Additionally, the Department's purpose is "to operate its institutions and programs to provide protection to the community, a safe and humane environment and opportunities for rehabilitation for the inmates." 37 Pa. Code § 91.2.

Based upon the above, the Department is not the state agency responsible for prosecuting crimes or appointing counsel. Further, the Department has no discernible role in administering the PCRA process. Therefore, we agree that the Department is not the proper party to address deficiencies in Petitioner's criminal and collateral proceedings, and we sustain the demurrer.[8] *See Wagaman*, 872 A.2d at 247; *Bilt-Rite Contractors, Inc*, 866 A.2d at 274.

---

[7] *See* Prisons and Parole Code, 61 Pa.C.S. §§ 101-6309.

[8] To the extent that Petitioner asserts his former counsel were ineffective, this is a claim that should, and must, be raised in a PCRA. *See, e.g.*, *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (observing that Pennsylvania courts have repeatedly held that where a defendant's

6

## B. Demurrer – Lack of Access to Courts

Next, the Department infers that Petitioner actually asserts a violation of his right of access to the courts, a claim sounding in the First and Fourteenth Amendments. *See* Prelim. Objs., ¶¶ 21-37; *see also* Dep't's Br. at 11. The Department demurs to that claim.

According to the Department, Petitioner has failed to allege and offer proof of actual injury to court access. *See* Prelim. Objs., ¶¶ 21-37; *see also* Dep't's Br. at 11 (citing *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000)). Further, the Department asserts that limitations on legal materials do not deprive inmates of their due process right of access to the courts, particularly because the limitations are related to a legitimate goal of safety and security. *See* Prelim. Objs., ¶¶ 21-37; Dep't's Br. at 11-12. Similarly, the Department contends that decisions regarding inmate housing are speculative injury at best, particularly where Petitioner is currently litigating a PCRA and his housing situation has not prevented him from doing so. *See* Prelim. Objs., ¶¶ 21-37; Dep't's Br. at 12-15. Accordingly, the Department suggests that the objection should be sustained and the petition dismissed. *See id.*

In response, Petitioner contends that the Department mischaracterizes his claims. *See* Resp. to Prelim. Objs., at ¶ 28; *see also* Pet'r's Br. at 9, 15. According to Petitioner, he has alleged the state's interference with his right to self-representation. *See* Pet'r's Br. at 15. Petitioner argues that this claim sounds in the Sixth Amendment, not the First. *See id.*; *see also id.* at 16 (further asserting his

---

post-conviction claims are cognizable under the PCRA, the PCRA provides the sole means for obtaining state collateral relief); *see also* 42 Pa.C.S. § 9543(2)(ii) (ineffective assistance of counsel is a claim cognizable under the PCRA).

liberty interest in utilizing PCRA procedures). Accordingly, Petitioner suggests that the preliminary objection should be overruled. *See id.*

The text of the Sixth Amendment does not provide protections specific to *pro se* litigants.[9,10] Principally, Petitioner argues that he cannot adequately participate in his criminal litigation due to the Department's limitations on his legal materials, as well as his housing assignment. We agree with the Department that this is more accurately presented as a claim regarding right of access to the courts.

The right of access to the courts is an express provision in the Pennsylvania Constitution,[11] and multiple provisions of the United States Constitution.[12] To state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. *See Hackett*, 751 A.2d at275-76 (observing

---

[9] Petitioner has not identified authority that holds otherwise. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[10] At best, the Pennsylvania Supreme Court has held that the Sixth Amendment necessarily implies a constitutional right to self-representation at trial. *Commonwealth v. Spotz*, 18 A.3d 244, 263 (Pa. 2011). However, the Court has also observed that *pro se* status confers no special benefit upon a litigant. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014).

[11] Pa. Const. art. I, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.").

[12] *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (discussing First Amendment's petition clause, U.S. Const. amend. I, and Fourteenth Amendment's equal protection and due process clauses, U.S. Const. amend. XIV, as sources of prisoners' right to access the courts).

that denial of access to legal documents *may* constitute a violation of the First and Fourteenth Amendments). "The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement." *See id.* Here, Petitioner has identified two alleged manners in which the Department is interfering: (1) denial of his request for extra storage and (2) denial of his request for single-cell housing.

### 1. Storage

Petitioner asserts that he has thousands of pages of paperwork from his criminal proceedings. *See* Am. Pet. for Rev., ¶¶ 68-69. However, pursuant to the Department's inmate property policy,[13] Petitioner is permitted limited storage space equal to four records center boxes, half of which may be taken up by clothing, toiletries, and food. *See id.*, ¶¶ 70-71. Although the Department allowed Petitioner one extra box for legal storage, Petitioner asserts that he requires three extra boxes. *See id.*, ¶¶ 70-73. He contends that he is required to maintain extensive documentation to successfully litigate his PCRA petitions. *See id.*, ¶¶ 81-85.

Instantly, Petitioner does not allege that he has suffered the loss of a non-frivolous legal claim regarding his sentencing or terms of his confinement as a result of the limitations placed upon his storage. Indeed, by his own admission, he is currently litigating a PCRA petition. *See* Am. Pet. for Rev., ¶ 68. Accordingly, because he has not articulated an actual injury as a result of the alleged denial, Petitioner cannot state a cognizable claim for a violation of the right of access to the courts. *See Hackett*, 751 A.3d at 275. Further, this Court has previously held that prison regulations limiting legal materials do not constitute, without more, a violation of the First Amendment right of access to courts. *See id.* Accordingly,

---

[13] *See* Am. Pet. for Rev., Ex. HHHH, DC-ADM 815, Sec. 3.B.1.

Petitioner has failed to state a claim upon which relief may be granted, and we sustain the demurrer. *See Bilt-Rite Contractors, Inc.*, 866 A.2d at 274; *Hackett*, 751 A.3d at 275.

## 2. Single-cell housing

Petitioner also asserts that sharing his "primary workspace," *i.e.* his assigned cell, with another inmate interferes with his litigation efforts. *See* Am. Pet. for Rev., ¶ 56. According to Petitioner, sharing his cell space costs him "*hours* of potential work time" and "interferes with *every aspect*" of his litigation efforts. *See id.*, ¶ 57 (emphasis in original). For example, Petitioner contends, he is unable to type, sort through his legal materials, or use his cell light while his cellmates are sleeping. *See id.*, ¶¶ 58-60.

However, as noted *supra*, Petitioner does not, and cannot, allege an actual injury as a result of his housing status: despite his complaints, he is currently litigating a PCRA petition. *See Hackett*, 751 A.3d at 275. Accordingly, he has failed to state a claim upon which relief may be granted, and we sustain the demurrer. *See Bilt-Rite Contractors, Inc.*, 866 A.2d at 274; *Hackett*, 751 A.3d at 275.

## C. Demurrer – Standalone Due Process Claim

The Department additionally objects by demurrer that there is no "stand-alone due process claim regarding access to a prison grievance system." *See* Prelim. Objs., ¶ 39. However, Petitioner has expressly disavowed any stand-alone due process claim regarding the grievance process. *See* Answer to Prelim. Objs., ¶¶ 38-40; Br. in Opp. to Prelim. Objs. at 16 (expressly premising his claims upon his "right to self-representation and [his] liberty interest in utilizing PCRA procedures"). It appears that Petitioner's reference to the Fourteenth Amendment stems from his observation that the denial of the Sixth Amendment right to counsel by a state

operates to deprive a litigant of due process of law in violation of the Fourteenth Amendment. *See* Am. Pet. for Rev., ¶¶ 56, 81 (quoting *Betts v. Brady*, 316 U.S. 455, 462 (1942)).  Accordingly, we will dismiss this preliminary objection as moot.

## IV. CONCLUSION

For the foregoing reasons, we sustain in part and dismiss as moot in part the Department's preliminary objections to Petitioner's amended petition for review and dismiss the petition for review with prejudice.

_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Key,                   :
        Petitioner        :
                        :   No. 304 M.D. 2022
        v.               :
                        :
Pennsylvania Department of   :
Corrections,               :
        Respondent    :

## **O R D E R**

AND NOW, this 22nd day of March, 2024, the preliminary objections filed by the Pennsylvania Department of Corrections are SUSTAINED in part and DISMISSED as moot in part, and the amended petition for review filed by Brandon Key on October 25, 2022, is DISMISSED with prejudice.

LORI A. DUMAS, Judge